IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAY MATERIALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1610-RGA |
| | ) | |
| 3M COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PARTIES' PROPOSALS REGARDING PRELIMINARY INJUNCTION SCHEDULE**

The parties have been able to reach agreement on nearly all aspects of a schedule on which to litigate Plaintiff Bay Materials' Motion for Preliminary Injunction (D.I. 6) (the "Motion"). We therefore respectfully seek the Court's assistance as to the remaining issue. Below is a schedule reflecting the issues where the parties have reached agreement, followed by the parties' competing proposals as to the remaining dispute.

ISSUES AS TO WHICH AGREEMENT HAS BEEN REACHED

The parties have reached agreement on the following aspects of the schedule.

| Event | Date |
|---|---|
| Written Discovery: Each party may serve up to 15 Requests for Production, 5 Interrogatories, and 5 Requests for Admission on issues relating to the preliminary injunction motion | January 18, 2022 (already done) |
| Parties submit proposed Protective Order or competing proposals | January 26, 2022 |
| Objections and Responses to Requests for Production, Interrogatories, and Requests for Admissions | January 28, 2022 |
| Bay Materials' Document Production to be Substantially Complete | February 8, 2022 |

| Event | Date |
|---|---|
| 3M's Document Production to be Substantially Complete | February 25, 2022 |
| 3M to complete depositions of Bay Materials | February 25, 2022 |
| 3M's answering brief in opposition to the Motion | March 4, 2022 |
| Bay Materials to complete depositions of 3M | March 25, 2022 |
| Bay Materials' reply brief in support of the Motion (no new declarations absent agreement of the parties or leave of Court) | April 1, 2022 |
| Hearing on the Motion | At the Court's earliest convenience after completion of briefing |

ISSUES AS TO WHICH THE PARTIES DO NOT AGREE

The parties have one remaining dispute regarding whether 3M should be able to seek Rule 30(b)(6) testimony during the preliminary injunction phase. The parties present their respective positions on this issue below.

**Plaintiff's Position**

Bay Materials believes 3M's request to take broad Rule 30(b)(6) depositions in addition to depositions of Bay Materials' declarants conflicts with the streamlined nature of preliminary injunction proceedings. To the extent depositions are needed in the context of the Motion, Bay Materials has agreed to depositions of the witnesses who submitted declarations in support of the preliminary injunction motion. Specifically, Bay Materials submitted declarations from expert

and fact witnesses and has agreed to make those witnesses available for depositions concerning their testimony in this case.

The fifteen Rule 30(b)(6) topics 3M provided on January 18 show why 3M's request is unworkable. The broad topics cover nearly all aspects of patent litigation and Bay Materials believes they are contrary to the goal of targeted discovery. Further, 3M's suggestion that depositions of Bay Materials' declarants *may* not fully address issues relevant to 3M's defenses needlessly anticipates a potential dispute that may not arise. Bay Materials does not believe hypothetical future disputes warrant the unusual step of authorizing broad Rule 30(b)(6) depositions during the preliminary injunction phase. Bay Materials does not believe that 3M's filing of its proposed Rule 30(b)(6) notice is necessary to resolve this dispute.

**Defendant's Position**

It is 3M's position that the agreed-upon deadline of February 25, 2022 for 3M to complete depositions of Bay Materials' declarants should also allow for a 30(b)(6) deposition. 3M has prepared a 30(b)(6) notice with 15 topics streamlined to issues relating to the PI and will file a copy of the proposed 30(b)(6) deposition notice in conjunction with the present filing. 3M's concern is that the 30(b)(1) depositions of Bay Materials' declarants may not fully address issues relevant to 3M's defenses and issues pertinent to the PI, and that the lack of a 30(b)(6) deposition may allow Bay Materials' witnesses to claim lack of knowledge about relevant topics. To the extent Bay Materials has concerns regarding scope of individual topics, that is an issue the parties should be able to work out through the meet and confer process and is not a basis to deny 3M 30(b)(6) testimony entirely in defending against the preliminary injunction motion.

| ASHBY & GEDDES | RICHARDS LAYTON & FINGER, P.A. |
|---|---|
| */s/ Steven J. Balick* | */s/ Kelly E. Farnan* |
| Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-188<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com | Kelly E. Farnan (#4395)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |